UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DARIUS P. GEORGE,

    Petitioner,

v.

JOHN KERESTES, COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE, and, THE ATTORNEY GENERAL OF PENNSYLVANIA,

    Respondents.

Civil Action No. 3:11-CV-00848

(Judge Kosik)

FILED
SCRANTON
MAY 2 9 2012

PER _____
DEPUTY CLERK

## MEMORANDUM

    Petitioner, Darius P. George, a Pennsylvania state inmate, initiated this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254[1]. (Doc. 1). Petitioner alleges that his due process rights were violated when Respondents, John Kerestes, the Commonwealth of Pennsylvania Board of Probation and Parole, and the Attorney General of Pennsylvania, incorrectly calculated his sentence by not crediting him with time he spent released on parole residing, as a condition of parole, at the Allentown Community Correction Center ("CCC"). (*Id.*). On April 13, 2012, Magistrate Judge Malachy E. Mannion issued a Report and Recommendation ("R&R") recommending the petition be dismissed as moot. (Doc. 16). Petitioner filed an Objection to the Report and Recommendation on April 25, 2012. (Doc. 17). For the reasons that follow, we decline to adopt the R&R of the Magistrate Judge, but deny the petition because Petitioner has failed to exhaust his state remedies and has procedurally defaulted. Further, even if Petitioner had exhausted his state remedies and not procedurally defaulted, the petition would still be denied on the merits. We have jurisdiction over this matter pursuant to 28 U.S.C. § 2254.

---

    [1] In his petition, Petitioner incorrectly brings this action pursuant to 28 U.S.C. § 2241. (*See* Doc. 1, p. 5).

**Background & Procedural History**

Petitioner was originally convicted of criminal conspiracy and aggravated assault with a deadly weapon on February 17, 2005. (Doc. 13, Att. 1). Petitioner was sentenced to one (1) year, four (4) months to five (5) years of incarceration for committing these crimes. (*Id.*). On August 13, 2007, Petitioner was released on parole to the CCC. (Doc. 1, ¶ 7). According to the Petitioner, he was paroled to the CCC with "no liberty." (*Id.*). Also, according to the Petitioner, he was paroled from the CCC "at liberty" on parole on December 19, 2007. (*Id.* at 8). Respondents make no distinction between the parole status of Petitioner on August 13, 2007 and after December 19, 2007 and allege that, at all times while on parole, Petitioner was "at liberty." (*See* Doc. 13, ¶¶ 15, 55-70).

On December 30, 2008, Petitioner signed a waiver of his right to be represented by counsel and his right to a detention hearing and a waiver of his violation hearing, and an admission form admitting to violating two conditions of parole (Condition #2 - change of residence without permission; Condition #7 - failure to successfully complete the Keenan House Drug/Alcohol Inpatient Program). (*Id.* at Att. 4, 5). Petitioner was recommitted to a state correctional institution as a convicted parole violator to serve ten (10) months and twenty-six (26) days for two technical violations on February 19, 2009. (Doc. 1, Exhibit A; Doc. 13, Att. 7).

On December 28, 2008, Petitioner was arrested by the Allentown Police Department on new criminal charges and the Commonwealth of Pennsylvania Board of Probation and Parole ("Board") lodged its detainer against him. (Doc. 13, Att. 3). Petitioner was charged criminally with two counts of attempted criminal homicide, two counts of aggravated assault, prohibited possession of a firearm, and discharge of a firearm into an occupied structure on December 31, 2008. (*Id.* at Att. 6). Petitioner plead guilty to two counts of attempt to commit criminal homicide and was sentenced to serve two (2) to four (4) years of incarceration on

January 12, 2010. (*Id* at Att. 8).

On March 11, 2010, Petitioner signed a waiver of representation of counsel, a waiver of his revocation hearing, and an admission form admitting he was convicted of two counts of attempted criminal homicide in violation of his parole. (*Id.* at Att. 9). In a decision recorded on May 13, 2010, the Board recommitted petitioner as a convicted parole violator to serve his unexpired term of two (2) years and twenty-eight (28) days for committing the offenses to which he plead guilty while on parole. (Doc. 1, Exhibit A). Petitioner's recomputed maximum date moved from September 10, 2009 to February 12, 2012.[2] (*Id.* at Exhibit B). The Board mailed this decision to Petitioner on May 13, 2010. (Doc. 13, Att. 10, 11).

Petitioner filed a Nunc Pro Tunc Petition for Administrative Appeal with the Board challenging the recomputation of his maximum term expiration date claiming that the Board erred and was negligent when it failed to credit Petitioner's time spent in the CCC from August 13, 2007 until December 19, 2007. (Doc. 1, ¶ 12; Doc. 13, Att. 12). Petitioner claims

---

[2]The Respondents' Answer to Petition for Writ of Habeas Corpus, which Petitioner did not dispute, explains how the Board recalculated Petitioner's parole violation maximum date from September 10, 2009 to February 12, 2012. (Doc. 13, ¶15):

a. when [Petitioner] was released on parole on August 13, 2007, his parole violation maximum date was September 10, 2009, which left 759 days remaining on his sentence;

b. as a convicted parole violator, [Petitioner] automatically forfeited credit for all of the time he spent at liberty on parole;

c. as such, [Petitioner] still had 759 days remaining on his sentence;

d. [Petitioner] became available to begin serving the backtime on his original sentence at institution number GC-5665 on January 14, 2010, the date the Board relodged its warrant against [Petitioner];

e. adding 759 days to January 14, 2010 yields a new parole violation maximum date of February 12, 2012.

(*Id.*).

he filed the appeal on February 7, 2011, but the receiving stamp indicates the appeal arriving to the Board on February 9, 2011. (*Id.*). By a decision dated February 22, 2011, the Board denied the appeal as untimely. (Doc. 1, Ex. C; Doc. 13, Att. 13). On March 18, 2011, Petitioner filed a petition for writ of mandamus in the Commonwealth Court challenging the Board's recalculation of his maximum term expiration date. (Doc. 1, ¶ 14; Doc. 13, ¶ 18). The Commonwealth Court dismissed Petitioner's mandamus petition for lack of original jurisdiction. (Doc. 1, ¶ 15; Doc. 13, ¶ 19 and Exhibit C). Instead of filing a direct appeal of the Commonwealth Court's decision to the Pennsylvania Supreme Court, Petitioner alleges he filed an application for reconsideration of the order dismissing the petition for writ of mandamus, but that application was also denied. (Doc. 1, ¶¶ 16, 17 and Exhibit E).

On May 4, 2011, Petitioner then filed the instant Petition for Writ of Habeas Corpus. (Doc. 1). On May 18, 2011, Petitioner was ordered to submit the $5.00 filing fee by June 3, 2011, or the petition would be dismissed. (Doc. 3). The filing fee was not submitted so on September 22, 2011, Magistrate Judge Mannion issued a R&R recommending dismissal of the petition. (Doc. 4). Petitioner filed objections to the R&R, and after a call to the prison confirmed that Petitioner did submit a cash slip request in September, which was being processed, this Court declined to adopt the September 22, 2011 R&R and remanded the action back to the Magistrate Judge. (Doc. 6). Respondents were give twenty-one (21) days in which to file an answer with an accompanying brief. After receiving an extension of time in which to file an answer and accompanying brief, Respondents filed an answer to the petition and a memorandum of law on December 19, 2011. (Doc. 8, 9, 10, 12, 13, 14). Petitioner filed a traverse. (Doc. 15).

On April 13, 2012, the Magistrate Judge filed an R&R recommending that the Petition be dismissed as moot. (Doc. 16). Petitioner objected to the R&R on April 25, 2012 claiming

that the petition was not moot and showed he suffered a continuing injury.[3] (Doc. 17). We decline to adopt the R&R, however, we will deny the petition for failure to exhaust state remedies and for procedural default. Further, we find that even if Petitioner had exhausted and not procedurally defaulted, the petition would be denied because it fails on the merits.

## Standards of Review

### I. Petitioner's Objections to the Report and Recommendation

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

---

[3]Petitioner objects to the Magistrate Judge's R&R, stating:

> On the contrary, following service of the maximum term in question, Petitioner started service of the sentence on his new conviction which was delayed as a result of the failure to award lawful credit Petitioner now seeks. Petitioner's sentence on his new conviction is 24 to 48 months. Therefore, instead of his sentence on the new conviction commencing 10/8/11, as it should, it commenced 2/12/12, 128 days later, delaying his minimum and maximum date on his sentence for the new conviction that he is now serving by 128 days resulting in continuing injury.

(Doc. 17, p. 2).

## II. Habeas Corpus

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). This includes habeas corpus petitions challenging the revocation of parole and confinement. See *Coady v. Vaughn,* 251 F.3d 480 (3d Cir. 2001).

## Discussion

Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 is challenging the Commonwealth of Pennsylvania Board of Probation and Parole's re-calculation of his maximum term expiration date of February 12, 2012. (Doc. 1). The Respondents' answer and accompanying memorandum of law to Petitioner's habeas petition argue that the petition should be dismissed because Petitioner failed to exhaust available state remedies and he has subsequently procedurally defaulted on his claim. Respondents argue that the Petition should also be dismissed because it fails to state a claim upon which relief can be granted. (Doc. 13, 14). Petitioner responds arguing that his time in which to file an administrative appeal should have been extended and that he has successfully stated a claim upon which relief can be granted. (Doc. 15). The Magistrate Judge recommends dismissing the petition as moot, but we decline to adopt the R&R. (*See* Doc. 16). The Petitioner objects to the Magistrate Judge's R&R. (Doc. 17).

## I. Exhaustion and Procedural Default

Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 is challenging the Board's recalculation of his maximum sentence date. However, Petitioner is required to exhaust all available state remedies before filing a petition for habeas corpus under this statute. *See* 28 U.S.C. § 2254(b)(1). In order to exhaust a claim regarding determinations relating to revocation decisions in Pennsylvania, a prisoner must seek administrative review of his claims by filing a petition for administrative review with the Pennsylvania Board of Parole and

Probation within thirty (30) days of the mailing date of the Board's determination, then he must file a Petition for Review with the Pennsylvania Commonwealth Court, and finally he must file a petition for allowance of appeal in the Pennsylvania Supreme Court, or seek any further relief. *See* 37 Pa. Code § 73.1; 42 Pa.C.S.A. § 763(a); *see also Williams v. Wynder*, 232 Fed. Appx. 177, 178 (3d Cir. 2007). Petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *See Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir. 2000).

Petitioner failed to demonstrate that he satisfied the exhaustion requirement. Petitioner's initial step toward exhaustion was to file a petition for administrative review with the Board on February 7, 2011, well after the thirty (30) days had passed in which to seek administrative review. Therefore, it was denied as untimely. (Doc. 13, Att. 12, 13; Doc. 1, ¶ 12 and Exhibit C). Petitioner then filed a petition for writ of mandamus in the Commonwealth Court challenging the Board's recalculation of his maximum term expiration date. (Doc. 1, ¶¶ 14, 15; Doc. 13, ¶¶ 18, 19 and Exhibit C). The petition was dismissed for lack of original jurisdiction. (*Id.*). Petitioner's proper avenue should have been first to file a petition for review with the Pennsylvania Commonwealth Court, and then, he should have filed a petition for allowance of appeal in the Pennsylvania Supreme Court, or sought any further relief. *See* 37 Pa. Code § 73.1; 42 Pa.C.S.A. § 763(a); *see also Williams v. Wynder,* 232 Fed. Appx. 177, 178 (3d Cir. 2007). After his mandamus petition was dismissed, Petitioner filed this habeas petition. Thus, Petitioner failed to exhaust available state remedies.

A claim can be unexhausted for a number of reasons. "If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted." *Carpenter v. Vaughn*, 296 F. 3d 138, 146 (3d Cir. 2002). Exhaustion can be excused if the claim has not been fairly presented to the state courts but review is foreclosed by state law. *Id.* If this occurs, one must consider procedural default.

*See id.*

> [P]rocedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits for a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice.

*Id.* quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

When a claim has been procedurally defaulted in state court, federal habeas review is barred unless Petitioner can show cause for the default and actual prejudice, or a resulting fundamental miscarriage of justice if the court does not review the claims. *Carpenter*, 296 F. 3d at 146. In order to show "cause", a petitioner must point to the existence of some objective, external factor that impeded petitioner's efforts to comply with a state's procedural rules. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). "Prejudice" can be shown if the petitioner can demonstrate that the outcome of the state proceeding was unreliable or fundamentally unfair as a result of a violation of federal law. *See Lockhart v. Fretwell,* 506 U.S. 364, 366 (1993).

Petitioner has failed to follow the proper exhaustion procedure and he has also failed to meet the timing requirements. Thus, Petitioner has procedurally defaulted. In order to overcome procedural default, Petitioner must show cause and prejudice for the default or a resulting fundamental miscarriage of justice.

Petitioner's only argument to excuse his procedural default is that he should be excused from following the thirty (30) day time limit in which to file his petition for administrative review to the Board because the Board was negligent in it's decision. (Doc. 15, ¶ 32). In support of his argument he cites *Utegg v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole,* 539 A.2d 65 (Pa. Cmwlth. 1988). In *Utegg,* the Pennsylvania Commonwealth Court states that "[j]udicial extensions of time for taking an appeal, however, will not be granted in the absence of fraud or an equivalent such as negligence on the part of administrative officials." *Id.* at 66 *(internal citations omitted).* It

also discusses the case of *Moore v. Pennsylvania Board of Probation and Parole*, 503 A.2d 1099 (Pa. Cmwlth. 1986), in which a parolee was allowed to request administrative relief nunc pro tunc because the Board was negligent in mailing the order from which the parolee was to seek administrative relief to the wrong prison. *Id.* The Petitioner in the current case attempts to argue that the Board was negligent in its calculation of his maximum sentence date. However, this argument does not provide for the same type of negligence that *Utegg* and *Moore* discuss. Petitioner has solely alleged that the Board was negligent in their decision, not that the Board was negligent due to some procedural error or fraud.

Petitioner has failed to exhaust his state remedies and has procedurally defaulted. He has also failed to show cause and prejudice, or a resulting fundamental miscarriage of justice, to excuse his procedural default. Petitioner's claim is denied for failure to exhaust state remedies and for procedural default.

## II. Merits

Even if Petitioner had exhausted his state remedies and not procedurally defaulted, his Petition for Habeas Corpus claiming that the Board miscalculated his maximum expiration date would still be denied on the merits. While failure to exhaust generally precludes consideration of the merits of the habeas petition, "a federal court may deny a habeas petition on the merits, rather than require complete exhaustion, if it appears unequivocally that the petition has not raised a colorable federal claim." *Fletcher v. Pennsylvania Board of Probation & Parole,* 2008 U.S. Dist. LEXIS 117710, *11 (E.D. Pa. 2008) (internal citations omitted).

Section 6138(a)(1) and (2) of the Pennsylvania Prisons and Parole Code[4] provides:

(a) *Convicted violators.*

---

[4]The Pennsylvania Prisons and Parole Code, 61 Pa.C.S. §§ 6101-6309, is the consolidation of Pennsylvania's prison and parole statutes, which includes the formerly titled Parole Act. Act of August 6, 1942, P.L. 861, as amended, formerly 61 P.S. §§ 331.1-331.34a, repealed by the Act of August 11, 2009, P.L. 147, No. 33.

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the terms which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for time at liberty on parole.

61 Pa.C.S. § 6138(a)(1) and (2). "When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiration date." *Miller v. Pennsylvania Board Of Probation & Parole,* 2010 U.S. Dist. LEXIS 69174, *11 citing *Palmer v. Pennsylvania Board Of Probation & Parole,* 704 A.2d 196 (Pa. Cmwlth. 1997).

In the instant case, the Board recalculated Petitioner's new maximum expiration date. The Board looked at Petitioner's parole release date on August 13, 2007 and his parole violation maximum date on September 10, 2009. *See footnote 2.* Those dates left 759 days remaining on his sentence. *See id.* Petitioner was recommitted as a convicted parole violator by the Board based on their decision mailed May 13, 2010. *See id.* The Board found that Petitioner automatically forfeited credit for all the time he spent on liberty at parole pursuant to 61 Pa. C.S. § 6138(a)(2) meaning he still has 759 days remaining on his sentence. *See id.* Petitioner did not become available to begin serving the backtime on his original sentence until January 14, 2010 when the Board relodged its warrant after Petitioner's sentence was handed down. *See id.* The Board added 759 days to January 14, 2010 that yielded a new parole violation maximum date of February 12, 2012. *See id.* The Board properly recalculated Petitioner's sentence in accordance with the Pennsylvania Prisons and Parole Code after Petitioner was recommitted as a convicted parole violator.

Petitioner's argument that the Board miscalculated his maximum expiration date because they did not consider the time spent at CCC is not persuasive. The Pennsylvania

Supreme Court has held that, "[a]ll forms of parole involve some restraint on the parolee's liberty, and non-compliance with them can result in arrest and recommital as a technical parole violator." *Cox v. Pennsylvania Board of Probation & Parole,* 493 A.2d 680, 682 (Pa. 1985). When considering whether a program, like the CCC here, is so restrictive so as to be the equivalent of incarceration entitling a parolee for credit for time spent in the program, the parolee has the burden to show the specific characteristics of such a program that "constituted restrictions on his liberty sufficient to warrant credit on his recomputed backtime, and persuade the Board of that fact. Moreover, [the Pennsylvania Supreme Court] will not interfere with the Board's determination of that issue unless it acts arbitrarily or plainly abuses its discretion." *See id.* at 682-683. As such, Petitioner had the burden to show that his time at CCC was so restrictive as to be the equivalent of incarceration. *See id.*; *see also Jackson v. Commonwealth, Pennsylvania Board f Probation & Parole,* 568 A.2d 1004, 1006 (Pa. Cmwlth. 1990). By untimely filing his petition for administrative review, he never properly sought credit for his time spent at CCC. Since he did not properly raise this issue at the revocation hearing or in a timely petition for administrative review, this issue has been waived. *Newsome v. Commonwealth, Pennsylvania Board of Probation & Parole,* 553 A.2d 1050, 1052 (Pa. Cmwlth. 1989).

Further, "there is no federal constitutional right to receive credit for time spent on parole in the calculation of a parolee's maximum sentence." *Person v. Pennsylvania Board of Probation & Parole,* 1999 U.S, Dist. LEXIS 16382, *18 (E.D. Pa. 1999) *citing Morrisey v. Brewer,* 408 U.S. 471, 480 (1972); *See also Garrison v. Wilson,* 2007 U.S. Dist. LEXIS 99921, *25 (E.D. Pa. 2007). Because of this, any error made by the Board in the recalculation of Petitioner's maximum expiration date would not amount to a constitutional violation cognizable in a federal habeas action[5]. *See id.*

---

[5]Petitioner's argument citing *Preiser, et al., v. Rodriguez, et al.,* 411 U.S. 475 (1973), is not persuasive. In *Preiser,* the Court held that habeas corpus, not 42 U.S.C. § 1983, was the exclusive remedy for a prisoner who sought to challenge the fact or duration of his

## Conclusion

Petitioner's Petition for Habeas Corpus will be denied because Petitioner failed to exhaust his state remedies and he can not excuse his procedurally default. Moreover, even if it were not for the lack of exhaustion and procedural default, the Petition would still be denied on the merits.

---

imprisonment and who, by way of relief, seeks a determination that he is entitled to immediate release or speedier release from imprisonment. *Id.* However, this case involved prisoners who were deprived of good-conduct-time and not a parole violator whose maximum expiration date was recalculated. *Id.*